

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
District of Maryland

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 1:13-mj-00336 |
| ROMEL SMALLWOOD | ) |
|  | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 29, 2013__ in the county of __Worcester__ in the _____ District of __Maryland__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | Possession of a firearm by a previously convicted person |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

TFO Howard Kennard, HSI
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: 8/12/13  2:40 pm

_____
Judge's signature

City and state:   Salisbury, Maryland

Hon. C. Bruce Anderson, U.S. Mag. Judge
_____
Printed name and title

USAO CONTACT: AUSA MICHAEL HANLON
410-209-4895



## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Special Agent Howard Kennard, deposes and states as follows:

1. Your affiant is currently employed by the Maryland State Police and cross designated as a Task Force Officer with the U. S. Department of Homeland Security, Homeland Security Investigations (HSI), and has been so since June 2010. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 19, U.S.C. § 1401(i) and empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 19, United States Code Section 1401 and for other offense committed in violation of the criminal laws of the United States, including the federal firearms laws contained in Title 18, United States Code. As part of my employment with MSP/HSI, I attended the Maryland State Police Academy which is a twenty six week basic program for all Maryland State Police Troopers held at the Maryland State Police Academy in Pikesville, Maryland. During this training, I was provided instruction in criminal investigation, constitutional law, rules of evidence along with interview and interrogation. Additionally, I attended Immigration & Customs Enforcement Cross Designation Task Force Officer Training, in 2010 and 2011 and received an additional 16 hours of investigative training.

2. Your affiant is currently assigned to the Maryland State Police Criminal Enforcement Bureau/ Drug Enforcement Division and cross designated as a Task Force Officer with the U. S. Department of Homeland Security (HSI). As a Task Force Officer I am responsible for investigating unlawful acts and violations of federal customs law. In the course of my current employment, I have participated in numerous federal and state narcotics investigations relating to drug trafficking, drug smuggling, and money laundering violations. During the course of those investigations, I have been involved in the use of the following investigative techniques: interviewing informants and cooperating witnesses; conducting physical surveillance; conducting short and long-term undercover operations, consensual monitoring and recording of telephonic communications; assisting Special Agents with telephone pen register and caller identification system data; assisting Special Agents with court-authorized electronic surveillance, including wire interceptions; and preparing and executing search warrants that have led to seizures of narcotics and other contraband. The information in this affidavit is based on my personal knowledge and information provided to me by other law enforcement officers.

3. I make this Affidavit in support of a criminal Complaint charging the defendant, Romel SMALLWOOD, with possession of a firearm by a previously convicted person, in violation of 18 U.S.C. § 922(g)(1). This Affidavit is based on information I have received from other law enforcement officers and witnesses, and from my own investigation. I have not included all of the information known to law enforcement officers in this Affidavit, but I do not believe that I have omitted any information that would tend to defeat a showing of probable cause.

4. On January 29, 2013, a member of the Maryland State Police was conducting stationary radar on Route 13 northbound, in Worcester County, Maryland. An MSP trooper activated his radar device and determined that a silver Chrysler van was traveling at 60 miles per hour, which was above the posted speed limit of 55 miles per hour. The trooper activated his emergency lights and conducted a traffic stop of the vehicle. As the trooper approached the vehicle, he



immediately detected an odor of marijuana emanating from the vehicle. The driver of the vehicle was identified as a male with the initials MPM. A passenger sitting in the back, rear seat was identified as a male with the initials DTB. The other passenger in the car was sitting in the middle seat of the van and was identified as the defendant Romel SMALLWOOD.

5. While waiting for additional units to arrive on the scene, the trooper observed the middle passenger, SMALLWOOD, reaching toward the center console between the driver and front passenger seat. The trooper then approached the Chrysler and had all three men step out of the car. As DTB as stepping out of the car, and prior to any frisk or pat down for weapons, DTB advised that he had a bag of marijuana in his left front pants pocket. The trooper then retrieved the marijuana and placed DTB under arrest.

6. The trooper then conducted a probable cause search of the Chrysler. From the center console, the trooper recovered one loaded Taurus, PT 945, 45 caliber semiautomatic handgun, serial number NXD63963. A background check of the weapon determined that it was stolen from the state of Mississippi.

7. All three males stated that they had no knowledge of the handgun in the vehicle.

8. The three males, including the defendant, were charged with various state criminal offenses, including, in SMALLWOOD's case, state firearms offenses. During the time that SMALLWOOD was detained pending his charges in state court, SMALLWOOD engaged in phone conversations on phones maintained by the local detention center at which he was housed. Phone calls made by detainees at that detention center are recorded in the regular course of operations. During one call, SMALLWOOD engaged in a phone conversation with his mother. SMALLWOOD's mother stated, "I can't even say what I wanna say." SMALLWOOD replied, "What, mom? Go ahead, mom, tell me what you wanna say. Say what you wanna say." SMALLWOOD's mother then stated, "Okay, read between the lines, who cake was it?" SMALLWOOD replied, "You know it was mine, mom. You know it was mine."

9. Later during the same call, SMALLWOOD started to talk about another person (from the context, one of his codefendants) and stated that he believes that person is "gonna tell it." SMALLWOOD's mother then stated, "Mike, you know you had it." SMALLWOOD then replied, "[h]e had it...It was in his possession. I gave it to him before we got in the car." SMALLWOOD's mother then answered, "It's his! It's his!...so it's his shit!"


10. There was no "cake" in the car. Based on the context and the nature of the charges SMALLWOOD was then facing, your Affiant believes that during this call, SMALLWOOD was telling his mother about the gun. "Cake" was a word used by SMALLWOOD and his mother to describe the gun, because they knew they were being recorded. SMALLWOOD effectively was telling his mother that the gun was his and that he gave the gun to one of the other men.

11. Prior to January 29, 2013, SMALLWOOD had been convicted in a court of a crime punishable by a term of imprisonment exceeding one year. The handgun has been examined and appears to be capable of expelling a projectile by the action of an explosive. I know from my training and experience that Taurus handguns are not manufactured in the state of Maryland, and the weapon therefore traveled in interstate commerce prior to its recovery in this case.

12. Based on the foregoing, your Affiant respectfully submits that there is probable cause to believe that the defendant, Romel SMALLWOOD, possessed a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year.

TFO Howard Kennard
Homeland Security Investigations

Sworn to and subscribed before me
This 12-th day of August 2013 at Baltimore, Maryland

2:40 pm.

Honorable
United States Magistrate Judge
District of Maryland